IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMON SAFFOR,
    Petitioner,

vs.                                      Case No.: 5:15cv38/RH/EMT

FLORIDA DEPARTMENT OF
CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 13). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 21). Petitioner filed a response in opposition to the motion (ECF No. 26).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned

that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted, and the habeas petition dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 21).[1]  Petitioner was charged in the Circuit Court in and for Bay County, Florida, Case Nos. 2008-CF-156 and 2008-CF-157, with one count of lewd or lascivious molestation, a life felony, and one count of lewd or lascivious exhibition, a second degree felony (Ex. B).  The State consolidated the charges and elected to proceed only on the lewd or lascivious molestation Count.  Following a jury trial, Petitioner was found guilty as charged (Ex. D).  The court sentenced Petitioner to life imprisonment, with pre-sentence jail credit of 967 days, and designated him a sexual predator (Ex. F).  Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-6803 (*see* Ex. G).  The First DCA affirmed the judgment per curiam without written opinion on March 5, 2012, with the mandate issuing March 21, 2012 (Exs. I, J).  Saffor v. State, 81 So. 3d 422 (Fla. 1st DCA 2012) (Table).

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 21) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.: 5:15cv38/RH/EMT

On March 5, 2013, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in the state circuit court (Ex. K at 1–49). The circuit court summarily denied the motion in an order rendered June 21, 2013 (*id.* at 56–78). Petitioner appealed the decision to the First DCA, Case No. 1D13-5690 (Ex. M at 455). The First DCA affirmed the lower court's decision per curiam without written opinion on March 19, 2014 (Ex. N). Saffor v. State, 136 So. 3d 1219 (Fla. 1st DCA 2014) (Table). The mandate issued May 23, 2014 (Ex. S).

Petitioner commenced the instant federal habeas action on February 24, 2015 (ECF No. 1). He asserts the following seven claims:[2]

> Ground One: "Counsel ineffective failing [sic] to object to inconsistencies in child hearsay statements, sufficiency of court findings allowing child hearsay witness to testify, failing to preserve issue for appellate review."
>
> Ground Two: "Counsel ineffective failing [sic] to object to inadmissible hearsay evidence by Detective Law, and failed to preserve issue for appellate review."
>
> Ground Three: "Counsel ineffective failing [sic] to object to inadmissible hearsay evidence of Dr. Mitchell, and failing to preserve issue for appellate review."
>
> Ground Four: "Counsel ineffective failing [sic] to object to Williams rule evidence, State's collateral witness' inconsistent

---

[2] Petitioner misnumbered his seven claims. He numbered them One, Two, Three, Four, Six, Seven, and Eight.

statements/testimony, and impeach witness, failing to object to the sufficiency of the court's pre-trial finding allowing collateral witness to testify, and failing to preserve and offer objection needed to preserve issue for appellate review."

Ground Six: "Counsel ineffective failing [sic] to object to the prosecutor Robert D. Sales presenting false testimony knowingly against the Petitioner amounting to Giglio violations.[3]

Ground Seven: "Counsel ineffective failing [sic] to object to the prosecutor Robert D. Sales presenting false testimony knowingly by Detective Capiak amounting to Giglio violations."[4]

Ground Eight: "Counsel ineffective for failing to provide requested case law by the court to support the Petitioner's motion for production of DCF phone logs and failing to preserve for appellate review."

(ECF No. 13 at 6–25).[5]

Respondent contends the petition should be dismissed as untimely (ECF No. 21). Petitioner agrees that his petition is untimely, but contends he is entitled to equitable tolling of the federal limitations period (ECF No. 26).

---

[3] Petitioner alleges the prosecutor knew that the trial testimony of one of the State's witnesses, "J.J.", contradicted and was inconsistent with this witness' testimony during a trial in 1991 (*see* ECF No. 13 at 20–21).

[4] Petitioner alleges the prosecutor knew that the trial testimony of Detective Capiak was false when Capiak testified that he did not interview the child victim (*see* ECF No. 13 at 22–23). Petitioner alleges the falsity of this testimony is demonstrated by a statement of the victim's mother during an interview, in which she stated that Detective Capiak interviewed her and the victim on the same night (*id.*).

[5] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

## II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent argues that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 21 at 5–6). Petitioner does not argue that

a different statutory trigger applies, and thus does not appear to dispute that the finality date of the judgment is the appropriate trigger for the federal limitations period (*see* ECF No. 26).

Under federal law, the judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court. The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Here, the 90-day period for seeking certiorari review in the Supreme Court was triggered by the First DCA's affirmance of Petitioner's conviction on March 5, 2012, and it expired 90 days later, on June 3, 2012. Therefore, the statute of limitations began to run on June 4, 2012, the day after the 90-day period for Petitioner to file a petition for review in the Supreme Court expired. Petitioner had one year from that

date, or until June 4, 2013, to file his § 2254 petition.  *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira v. Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).  Petitioner did not file his federal petition on or before June 4, 2013; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In this case, Petitioner filed a Rule 3.850 motion, which qualifies as a tolling motion under § 2244(d)(2), on March 5, 2013, after **274 days** of the federal limitations period had run.  The motion was pending until May 23, 2014, upon issuance of the First DCA's mandate.  *See* <u>Nyland v. Moore</u>, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period recommenced the next day, on May 24, 2014, and

expired **81 days** later, on August 12, 2014 (**274 days + 81 days = 365 days**). Petitioner did not file his federal habeas petition until February 24, 2015.

Petitioner contends he is entitled to equitable tolling of the limitations period (*see* ECF No. 26). "Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649. As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014).

Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the case. Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012); *see* Holland, 560 U.S. at 649–50 (clarifying that the exercise of a court's equity powers must be made on a case-by-case basis). A petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be

specific and not conclusory. Hutchinson, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653; *see also* Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts"). Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. Cole, 768 F.3d at 1158 (quotation marks and citation omitted).

    Here, the totality of Petitioner's equitable tolling argument is the following:

> The doctrine barring procedurally defaulted claims (See U.S. § 2244(d) from being heard is not without exception, and a prisoner may obtain federal habeas review of a default claim by showing cause for the default and prejduice [sic] from a violation of federal law. Federal habeas Court's power to excuse claims defaulted in the first round of federal habeas derives from court's equitable discretion. *McClesky v. Zant*, Ill. [sic] S. Ct. 1454, 499 U.S. 467 (U.S. 1991).
>
> Opportunity for reckless against detention [sic] in violation of fundamental liberties of person, safeguard against state action by Federal Constitution, though such opportunity to be heard, to argue, and present evidence, must never be totally foreclsoed [sic]. § 2243, 2254. Federal Court on habeas corpus must hold evidentiary hearing if applicant did nto [sic] receive full and fair evidentiary hearing in state court, either at

Case No.: 5:15cv38/RH/EMT

time of trial or in a collateral proceeding. 28 U.S.C.A. § 2243; *Townsend v. Sain*, 83 S. Ct. 745, 372 U.S. 293 (U.S. Ill 1963).

> Must hold evidentiary hearing if applicant did not receive full and fair evidentiary hearing in statecourt [sic], either at tiem [sic] of trial or in collateral proceeding. 28 U.S.CA. § 2243. If no express findings of facts have been made by state courts, federal district court decided on merits the constitutional claims rendered by defendant. 28 U.S.C.A. 2243, *Townsend v. Sain*, 83 S. Ct. 745, 372 U.S. 293 (U.S. Ill 1963).

(ECF No. 26 at 2).

Petitioner does not allege any factual circumstance, let alone an extraordinary one, that stood in his way and prevented him from timely filing his federal petition. Therefore, he failed to satisfy his burden of demonstrating his entitlement to equitable tolling.

III. CONCLUSION

Petitioner's § 2254 petition was not filed within the one-year statutory limitations period. Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition dismissed with prejudice as untimely.

IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.  Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Respondent's motion to dismiss (ECF No. 21) be **GRANTED**.

2.    That the amended habeas petition (ECF No. 13) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 22nd day of September 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**