# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

RAYMON SAFFOR,

      Petitioner,

v.                              CASE NO.  5:15cv38-RH/EMT

FLORIDA DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

## ORDER DISMISSING THE PETITION AND
## <u>DENYING A CERTIFICATE OF APPEALABILITY</u>

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before

the court on the magistrate judge's report and recommendation, ECF No. 30, and

the objections, ECF No. 35. I have reviewed de novo the issues raised by the

objections. The report and recommendation is correct and is adopted as the court's

opinion. As set out there, the petition was filed after the one-year statute of

limitations expired, and the petitioner has shown no basis for equitable tolling.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to

"issue or deny a certificate of appealability when it enters a final order adverse to

the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability. Because the petitioner has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good

faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that the petitioner is not otherwise entitled to proceed on appeal *in forma pauperis*. But for the requirement to obtain a certificate of appealability, leave to proceed on appeal *in forma pauperis* would be granted.

For these reasons,

IT IS ORDERED:

    1.  The report and recommendation is accepted.

    2.  The motion to dismiss, ECF No. 21, is granted.

    3.  The clerk must enter judgment stating, "The petition for a writ of habeas corpus, as amended, is dismissed with prejudice as untimely."

    4.  A certificate of appealability is denied.

    5.  The clerk must close the file.

SO ORDERED on March 3, 2017.

                       s/Robert L. Hinkle               
                       United States District Judge